UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:22-cv-04191-AB (JEMx) | Date: | June 24, 2022 |
|---|---|---|---|

| Title: | *Hui Wang v. BXMEX Limited* |
|---|---|

| Present: The Honorable | ANDRÉ BIROTTE JR., United States District Judge |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER DENYING PLAINTIFF'S RENEWED *EX PARTE* APPLICATION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiff Hui Wang's ("Plaintiff") Renewed *Ex Parte* Application for Entry of Temporary Restraining Order ("Renewed Application"), (Dkt. No. 13), in which Plaintiff once again seeks to freeze certain cryptocurrency wallets. (Renewed Application at 5). Neither the changes in Plaintiff's Renewed Application nor in Plaintiff's First Amended Complaint ("FAC"), (Dkt. No. 12), help establish even a fair chance of success on the merits with respect to Plaintiff's four causes of action. Therefore, the Court now **DENIES** Plaintiff's Application.

The Court need not review the factual background of this case nor the legal standard governing applications for a temporary restraining order ("TRO"), since it has already done so in its Order Denying Plaintiff's *Ex Parte* Application for Entry of a Temporary Restraining Order ("Prior Order"). (Dkt. No. 9). However, it notes that Plaintiff should take the extraordinary nature of a TRO into account in deciding whether to file another such application with the Court. Emergency

applications significantly burden the Court's resources and should only be sought when an applicant has a good faith belief that its application may be granted.

In denying Plaintiff's prior application, the Court explained in what way Plaintiff had failed to meet the applicable standard. Although Plaintiff responded by removing one of her original three causes of action, she made minimal effort to demonstrate she has a fair chance of success on the merits with respect to the remaining two causes of action (for negligent misrepresentation and fraudulent misrepresentation). In its Prior Order, the Court noted that Plaintiff cited no case law and provided no argumentation concerning justifiable reliance, which is an element of both negligent misrepresentation and fraudulent misrepresentation. However, in her Renewed Application, Plaintiff added no more than two new sentences concerning justifiable reliance. Moreover, these sentences merely restate factual allegations that were already presented to the Court in Plaintiff's original application. Plaintiff has again failed to demonstrate even a fair chance of success on the merits with respect to these two causes of action.

Plaintiff's FAC also adds two new causes of action, for violation of California's False Advertising Law and California's Unfair Competition Law. However, both of these laws concern the actions of businesses. Though the sole defendant in this case, BXMEX ("Defendant"), is a business, Plaintiff's factual allegations focus on an individual claiming to be named Lin Feng and claiming to be an employee of Tesla rather than an employee of Defendant. It is far from clear why Lin Feng's representations over social media should be attributed to Defendant. Therefore, Plaintiff has not demonstrated even a fair chance of success on the merits with respect to her two new causes of action.

For the foregoing reasons, Plaintiff's Renewed Application is **DENIED**.

**IT IS SO ORDERED**.